## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:14-cr-362 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| MARK S. FARMER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on defendant's *ex parte* motion for an order to issue subpoenas (Doc. No. 50) pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. For the reasons that follow, defendant's motion is DENIED in its entirety WITHOUT PREJUDICE.

## I.  BACKGROUND

Defendant Mark Farmer ("defendant" or "Farmer") was charged in a 23-count indictment with: a violation of the Hobbs Act, pursuant to 18 U.S.C. §§ 1951 and 2; multiple counts of embezzlement, in violation of 18 U.S.C. §§ 641 and 2; conspiracy to commit mail fraud, wire fraud, and theft of government property, in violation of 18 U.S.C. § 371; as well as several substantive counts of fraud. (Doc. No. 1 [Indictment].) The government is also seeking forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (*Id*.) A final pre-trial conference is scheduled for July 17, 2015 and the trial is set to begin on August 7, 2015. (Doc. No. 46 ["Sec. Am. Trial Or."].)

The charges against defendant were part of a larger federal investigation into allegations of public corruption in Cuyahoga County, Ohio. It is the government's position that defendant, a private businessman, illicitly exchanged compensation for insider information with William Montague, a former senior-level employee of the United States Department of Veterans Affairs ("VA"). According to the indictment, the purpose of the purported fraud was to afford defendant's business an edge in obtaining government contracts involving the VA. (*Id*.) As defendant readily concedes, discovery from the government, to date, has been considerable.

On March 4, 2015, defendant filed the present *ex parte* motion. The motion seeks discovery from two groups: two public entities (hereafter referred to as the "public entities") and one private entity (hereafter referred to as the "private entity").[1] Attached to the motion are proposed subpoenas. (Doc. Nos. 50-1 to 50-3, 51.) Using Form AO 89 ("Subpoena to Testify at a Hearing or Trial in a Criminal Case"), the subpoenas command the recipients to appear at the Federal Building and U.S. Courthouse, in Akron, Ohio. (*Id*.) In each instance, the box reserved for the date and time of appearance has been left blank. In lieu of appearance, the subpoenas provide that the requested information and documents can be delivered directly to the Cleveland, Ohio law office of John Mitchell, defendant's counsel, on or before April 3, 2015, more than four months before trial. (*Id*.) Attached to each subpoena is a list of requested information. (*Id*.)

---

[1] The Court has elected not to identify these entities or detail the nature of the requested information, so as to avoid the possibility of disclosing the defendant's trial strategy.

## II.  LAW AND ANALYSIS

At issue is Federal Rule of Criminal Procedure 17, which provides that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1). By its very language, Rule 17(c) permits pre-trial production and inspection of subpoenaed materials. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S. Ct. 675, 95 L. Ed. 879 (1951). It is not, however, intended to provide a means of discovery for criminal cases. *United States v. Nixon*, 418 U.S. 683, 698, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974); *Bowman*, 341 U.S. at 220.

### A.    **Form of the Requests and Rule 17(c) Subpoena Requirements**

In 2013, the Sixth Circuit touched upon a criminal defendant's right to utilize the subpoena power of the federal courts to compel the production of documents and other evidence for use at trial. *See United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013). While the matter was before the court for review of an order of sanctions against a defense attorney for an alleged misuse of the district court's subpoena power, the court took the opportunity to acknowledge the confusion surrounding the rule and the various interpretations that courts have given to the rule over the years. *Id*. at 496-500 (collecting cases and noting the "clear markings of uncertainty" surrounding the rule and its "capacious" nature allowing for differing levels of court oversight). Highlighting the fact that the rule "commits the task of supervising subpoenas to the sound discretion of [the district] courts," the court declined to provide controlling precedent concerning Rule

3

17(c) procedures. Instead, it determined that the "better course is to honor that grant of discretion" by permitting district courts to interpret the rule and determine how best to manage the subpoena process. *Id*. at 499.

This Court recently had occasion to address the mechanics of Rule 17(c), and the Court's role in the subpoena process, in an unpublished decision. In *United States vs. Jeremy A. Mack*, Case No. 1:13-cr-278, after examining the panoply of interpretations afforded to Rule 17(c), the Court determined that the language of the rule supported the conclusion that Rule 17(c) requires the requested documents to be produced in court in connection with a formal hearing, and, therefore, a subpoena that provided for document production away from the court—such as the defense attorney's office—and at a date and time far removed from any former hearing in the case abused the court's subpoena powers. (*Id*., Doc. No. 26 at 140.) This Court explained:

> The Sixth Circuit has explicitly held that "a subpoena ad testificandum or a subpoena duces tecum [shall] be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at a formal proceeding." *United States v. Keen*, 509 F.2d 1273, 1275 (6th Cir. 1975); *see also United States v. Villa-Chaparro*, 115 F.3d 797, 804 (10th Cir. 1997); *United States v. Jenkins*, 895 F. Supp. 1389, 1396 (D. Haw. 1995) ("the court believes that Rule 17(c) requires applications for subpoenas requiring the production of documents prior to court proceedings"). A party cannot, for example, obtain blank trial subpoenas from the clerk and compel witnesses to attend interviews not in connection with a court proceeding and miles from the place of trial. *Keen*, 509 F.2d at 1275. This behavior undermines the court's role in monitoring the Rule 17(c) process. As another example, even though it authorized pretrial *ex parte* subpoena duces tecum applications, the *Vigil* court refused to permit production of documents at defense counsel's office. *United States v. Vigil*, No. CR 10-2310, 2013 WL 3270995, at *18 (D.N.M. June 3, 2013). Production of requested documents should occur at court. *Id*. at *21; *see also Jenkins*, 895 F. Supp. at 1394 (documents should not have been turned over directly to defense counsel, but to court).

4

(*Id*. at 140-141.) Thus, while Rule 17(c) was intended to expedite trial by providing to the parties a time and place before trial to inspect the materials, *see Bowman Dairy*, 341 U.S. at 220, this Court requires that the *place* be the courthouse and the *time* bear some relation to a scheduled hearing or the trial. Defendant's subpoenas may not issue because they provide for production of the requested information away from the courthouse and at a time that is not connected with a formal proceeding. For this reason, alone, defendant's motion is denied.[2]

      B.      **Substance of the Subpoena Requests**

Even if defendant had complied with the technical requirements of Rule 17(c), as this Court views them, his request for subpoenas would be denied because he has not made the necessary showing that he is entitled to compel the production of the requested information. In *Nixon*, the Supreme Court required parties moving for a pretrial subpoena duces tecum in a criminal matter to show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the parties cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition." *Nixon*, 418 U.S.

---

[2] The requirement that the information be produced at the courthouse also ensures that the Court may fulfill its duty under the rule to determine whether it will permit either side (or both sides) access to the documents produced. Fed. R. Crim. P. 17(c)(1) ("When the items arrive, the court may permit *the parties and their attorneys* to inspect all or part of them.") (emphasis added).

at 699-700. The Supreme Court further required a showing of relevancy, admissibility, and specificity before issuance of a pretrial subpoena duces tecum. *Id*. at 700.

### 1.     Requests Directed to Public Entities

Defendant's requests directed to the public entities fail to satisfy the *Nixon* test. In his motion, defendant explains that he has received some information from the government through Rule 16 discovery as to one of these entities. He also indicates that he directed a request through the Freedom of Information Act ("FOIA") to this same entity. However, he explains that when he made the FOIA request, he did not fully appreciate the breadth of the charges against him, and as a result, the scope of his FOIA request was too narrow. What defendant fails to explain, however, is why he cannot submit a new FOIA request that seeks the information he previously failed to request. As such, he has failed to demonstrate that the requested information is not otherwise procurable reasonably in advance of trial by exercise of due diligence as to this public entity, and his request for a Rule 17(c) subpoena for this information is denied for this additional reason.

As to the second public entity, defendant offers nothing more than his belief—supported only by unidentified Rule 16 discovery—that the requested information is going to be relevant to a defense theory. A proponent's motion, based on nothing more than a belief as to the requested documents' contents or import, is essentially a discovery request and is not properly made under Rule 17(c). *See United States v. Cooper*, No. 08-20464, 2009 WL 1384145, at *7 (E.D. Mich. May 14. 2009); *see also United States v. Skeddle*, 178 F.R.D. 167, 170 (N.D. Ohio 1996) (denying motion to issue subpoenas when the subpoenas were "no more than devices for obtaining

discovery"). Because the requests as to this public entity contain nothing more than "conclusory allegations, devoid of support," they are denied for this additional reason. *United States v. Jenks*, 517 F. Supp. 305, 307 (S.D. Ohio 1981).

2.    *Requests Directed to Private Entity*

The document and information requests directed to the private entity also fail to meet the *Nixon* test. While the private entity is likely to have access to the requested information, the very nature of the requested information dictates that it is also in the possession of the government. To the extent that the requested information triggers any of the government's discovery obligations, the government is duty bound to disclose the information, and the information, therefore, is otherwise procurable in advance of trial.

Though "[t]here is no general constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977) (quotation marks and citation omitted), the Fifth and Fourteen Amendments require the government to disclose specific types of evidence to defendants. *See, e.g., Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (the prosecution must turn over any impeachment evidence relating to prosecution witnesses that is material and exculpatory); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 215 (1963) (due process requires the government to disclose evidence favorable to an accused that is material to guilt or punishment); Jencks Act, 18 U.S.C. § 3500 (covering the production of statements and reports of government witnesses and the timing for such production); *see also* Fed. R. Crim. P. 16 (identifying certain specific

7

categories of information defendants are entitled to in pretrial discovery in criminal cases).

The Court finds that the requested information, to the extent it would satisfy the relevancy and admissibility requirements, would likely fall within the government's *Brady*, *Giglio*, or Jencks Act disclosure obligations. Defendant has not suggested that the government has failed meet its disclosure obligations in a timely fashion, and it has been the Court's experience with other cases involving this same federal investigation that the government has endeavored to make its disclosures well in advance of trial. The Court trusts that the government will continue to meet its disclosure obligations, and encourages the government to disclose all required materials, including those governed by the Jencks Act, as early as possible so as to avoid unnecessary delays at trial.

Additionally, it is worth reiterating that the subpoenas command production of the requested information on or before April 3, 2015. Not only is this date not tied to the trial or any hearings in this matter, it is more than four months before trial.[3] Under these circumstances, the Court must conclude that the proposed subpoenas are, at best, being pursued to obtain discovery, or, at worst, part of a fishing expedition. Either way, Rule 17(c) is not available to facilitate production of this information.

### III. CONCLUSION

While the Court will not permit the issuance of a Rule 17(c) subpoena for this information, it does not rule out the possibility that a properly supported motion that

---

[3] Indeed, the only date remotely related to April 3, 2015 is the plea deadline which is April 2, 2015, the day *before* the information is to be produced.

complies with the technical requirements of Rule 17 may issue in the future. For now,
however, defendant's *ex parte* request for Rule 17(c) subpoenas is DENIED WITHOUT
PREJUDICE.

**IT IS SO ORDERED**.

Dated: March 31, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**